UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| QUALITY MANUFACTURING SYSTEMS, INC., | ) ) ) | |
| Plaintiff/Counterclaim-Defendant, | ) ) | No. 3:13-cv-00260 |
| v. | ) ) ) | Magistrate Judge Bryant[1] **Jury Demand** |
| R/X AUTOMATION SOLUTIONS, INC., | ) ) | |
| Defendant/Counterclaim-Plaintiff. | ) | |

## MEMORANDUM AND ORDER

Before the Court is R/X Automation Solutions, Inc.'s ("RXAS's") motion to change the "confidential-attorney's eyes only" designation to "confidential-subject to protective order" designation on selected information. (Docket Entry 90). Quality Manufacturing Systems, Inc. ("QMSI") has responded in opposition to this motion (Docket Entry 104), and RXAS has replied (Docket Entries 118 and 125).

This motion relates to a protective order entered by the District Judge on August 8, 2013, which provides for two protected document designations: "confidential-subject to protective order" ("CPO") and "confidential-attorney's eyes only" ("AEO"). (Docket Entry 30). CPO "refers to Material that a party or non-party owns or controls, which Material contains the party or non-party's strategic business, financial, marketing, or other sensitive confidential information." (Docket Entry 30 ¶ 2(a)). AEO "refers to Material that a party or non-party owns or controls, which Material contains the party or non-party's trade secrets or other highly confidential and proprietary research, development, commercial, or competitively sensitive information." (Docket Entry 30 ¶ 2(b)). Once the parties have conferred in good faith regarding a

---

[1] Upon consent of the parties, this lawsuit is proceeding before the Magistrate Judge. (Docket Entry 48).

1

challenged designation, the Court may be approached for a resolution. (Docket Entry 30 ¶ 3(b)). Whereas CPO material may be disclosed to the parties, AEO material may not. (Docket Entry 30 ¶ 4).

RXAS challenges AEO designations in (1) Matt Price's deposition testimony; (2) Ed Mayerick's deposition testimony; (3) Kurt Hill's deposition testimony; (4) Edward Stinnett's deposition testimony; and (5) the contents of a thumb drive labelled "QUALITY0088386." (Docket Entry 90).[2] RXAS argues that the parties' Pill Counter Agreement ("Agreement") required QMSI to share competitive product results and testing suggestions with RXAS, that QMSI violated this duty on several occasions, that QMSI has designated all of its competing pill counter research as AEO, and that QMSI has refused to produce specific pill counter research to RXAS. (Docket Entries 89 and 91). Counsel for RXAS seeks this information for the dual purpose of keeping its client informed of QMSI's alleged breach of contract and enabling RXAS to calculate its damages. (Docket Entries 89 and 91).

Opposing RXAS's motion, QMSI maintains that the Agreement did not obligate QMSI to share its research and development information regarding (1) modifications made to RXAS's pill counter or (2) information related to QMSI's own potentially competing pill counter. (Docket Entry 104). QMSI additionally argues that the difficulty faced by RXAS on account of the AEO designation is outweighed by the harm that would be suffered by QMSI if its competitive information was released to RXAS. (Docket Entry 104). QMSI voiced concerns that RXAS may steal QMSI's proprietary technology if given the chance. (Docket Entry 104). As QMSI's damages expert was able to produce an expert report based on AEO-designated materials, QMSI

---

[2] The designation of information produced in response to the Court's order on RXAS's motions to compel is likewise determined by this Order. *See* Docket Entry 176.

believes RXAS should likewise be able to assess its damages with the AEO designations in place. (Docket Entry 104).

RXAS's motion (Docket Entry 90) will be **GRANTED IN PART** and **DENIED IN PART**. Early in this case, the Court found that the Agreement did not restrict QMSI's right to create its own competing pill counter. (Docket Entry 58, pp. 10-11). As such, this information is irrelevant to RXAS's breach of contract counterclaim. The Court sees no reason to change the AEO designation on this particular set of materials. Insofar as RXAS's motion seeks to re-designate QMSI's information regarding its own competing pill counter from AEO to CPO, the motion is **DENIED**. The Court recently found, as a matter of law, that the Agreement obligated QMSI to share pill counter modification suggestions with RXAS, but only pertaining to RXAS's S-4 pill counter. (Docket Entry 188). As RXAS is entitled to this information, RXAS's motion to re-designate QMSI's information regarding its attempted and/or successful modifications to RXAS's pill counter from AEO to CPO will be **GRANTED**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge